## Charles I. Bracewell v. William C. Self.

1. BURDEN OF PROOF—*Upon Plaintiff to Establish His Version of Contract Sued on.*—Where a suit is brought upon a contract, the burden of proof is upon the plaintiff to establish his version of the contract by a preponderance of the evidence.

2. EVIDENCE—*Where it is Conflicting upon a Trial by the Court.*—Where a case is tried without a jury and the evidence is conflicting, it is for the court to determine where the truth lies.

3. SAME—*That Wheat Tendered Under a Contract Was of the Average Quality Raised That Season.*—Where wheat was delivered under a contract, the terms of which were in dispute, proof offered to establish the fact that the wheat tendered was of the average quality raised and sold that season in the locality where the wheat in question was to be delivered, is immaterial and properly rejected.

4. NEW TRIAL—*Cumulative Testimony No Ground for.*—Cumulative testimony, the existence of which was known at the time of the trial, is no ground for a new trial.

Assumpsit.—Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed August 28, 1903.

WHITLOCK & HAIRGROVE, attorneys for appellant.

LAYMAN & MORRISEY, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was an action of assumpsit brought by Charles I. Bracewell against William C. Self to recover damages for an alleged breach of contract in relation to the sale of wheat. In June, 1902, Self, through his agent, Hines, contracted with Bracewell for the purchase of 2,000 bushels of wheat at sixty-five cents per bushel, to be delivered the following month. By mutual agreement the time for the delivery of the wheat was extended to and including the month of September. The only controverted feature of the contract is in relation to the quality of the wheat to be delivered. Self contends that Bracewell contracted to deliver good dry wheat. Bracewell denies that such was the agreement and says that there was no understanding whatever in relation to the quality. He claims that he was simply to deliver 2,000 bushels of wheat. Self refused to receive the grain because it was not of the quality for which the contract called. Bracewell then commenced suit before a justice of the peace. The trial resulted in a judgment in favor of Bracewell for $170. The cause was taken to the Circuit Court by appeal, where a trial was had without a jury, resulting in the court finding the issues for the defendant and rendering judgment in bar and for costs against the plaintiff. The plaintiff brings the case to this court by appeal.

No propositions of law were submitted to the court below. There was a motion for a new trial. It is contended the judgment should be reversed and the cause remanded for another trial because the finding of the Circuit Court is contrary to the weight of the evidence; because the court erred in passing upon the admission of evidence; and because of newly-discovered evidence disclosed by certain affidavits presented and read and oral testimony heard upon the motion for a new trial.

The burden of proof was upon the plaintiff to establish his version of the contract by a preponderance of the evidence. From the record it appears that his testimony alone

tended to that effect and was positively contradicted by Hines. Which of these parties was to be credited with giving a correct version of the contract was for the trial court to determine. The court saw the witnesses and had superior opportunities to determine the questions of credibility and weight of the evidence. The wheat was unthreshed and in the shock when the contract was made for the future delivery. Under such circumstances, the statement that it was to be of a certain grade or quality, or as the defendant says, good dry wheat, seems more reasonable than that a party would contract at a fixed price for the future delivery of wheat without any reference to the quality of the grain to be delivered.

We would not be justified in disturbing the finding of the trial court that the contract was as testified to and contended for by the defendant. The only remaining material question of fact relates to the quality of the wheat at the time the delivery thereof was tendered by the plaintiff. To entitle the plaintiff to recover, the preponderance of the evidence must show that the grain tendered was good dry wheat. The proof falls far short of establishing that fact. The testimony of the defendant, of Hines, the former agent of the defendant, Sink, who threshed the wheat, and Smith, who saw it at the elevator, is all to the effect that it was wet and sprouted; while the plaintiff admits in his testimony that the wheat was wet and a portion of it tendered was sprouted. The proof signally fails to establish the proposition that the wheat was of the contract quality. The court properly determined the merits of the controversy. No other conclusion would have been justifiable.

It is urged that the court erred in rejecting certain testimony offered by the plaintiff. The proffered proof tended to establish the fact that the wheat tendered was of the average quality raised and sold in the season of 1902 in the locality where the wheat in question was to be delivered. The proof was immaterial and was properly rejected. It did not tend to show that the wheat was of the quality called for by the contract as sworn to and contended for

by defendant's witnesses.  And if the contract were as sworn to by the plaintiff, it was wholly unnecessary to prove the quality of the wheat tendered.   Under the plaintiff's version, wheat of any kind, good or bad, wet or dry, sound or sprouted, met all the requirements of the contract.

On the trial in the Circuit Court the witness Hines was called by the plaintiff.   In support of his motion for a new trial, the plaintiff filed an affidavit in which he states that he was taken by surprise when the witness testified that the wheat was to be of any given quality.   The affidavit further states the witness did not so testify upon the trial before the justice of the peace, but upon the contrary testified that the grade or quality of the wheat was not mentioned when the contract of sale was made.   Albert W. Arenz, the justice before whom the case was tried, testified orally on the motion for a new trial that he believed Hines did not state in his testimony in the justice court that the wheat was to be of any given quality, but that he was not positive upon the subject.   There were also filed in support of the motion the affidavits of Wiley B. Wright and Henry B. Rimbey, to the effect that they were present at the making of the contract for the sale of the wheat, and that there was no agreement as to the quality of the wheat.   The affidavit of W. R. T. Masters was also filed, to the effect that Hines stated to him that he purchased the wheat from Bracewell without any agreement as to quality.   Hines filed a counter-affidavit in which he denied all the statements reputed to him and adhered to his former statement that the wheat was to be of a good dry quality.   The affidavit of the plaintiff states when he heard the testimony of Hines above referred to, and was in consequence taken by surprise, " he was unable to meet the same at that time." Why he was unable to do so, he does not state.   He does not state that he was unable to meet the same before he rested his case, or that he applied to the court for time, or did anything to procure the testimony in time to be used upon the trial.   If the affiants, Wright and Rimbey, were witnesses to the contract, the plaintiff knew that and was

not exercising any great degree of care in not having them in attendance in any event.    None of the testimony set out in the various affidavits could have been used to impeach Hines, who was a witness for the plaintiff.    At the most it was a part of the plaintiff's case in chief.    He knew of its existence and proceeded to trial without exercising any diligence to have the witnesses in attendance.    He took chances in calling Hines and must abide the consequences. The most favorable view that can be taken of the situation is that the testimony is merely cumulative to that given by the plaintiff and that its existence was known.

Under the circumstances, the new trial was properly denied.    The judgment of the Circuit · Court will be affirmed.